OLGA MÉNDEZ, Plaintiff and Appellee-Appellant, *v.* FÉLIX KRAIDMAN ET AL., Defendants and Appellants-Appellees.

No. 8829. Argued March 8, 1944.—Decided March 24, 1944.

*Antonio Reyes Delgado* and *Géigel & Silva* for appellants-appellees.
*Eduardo Pérez Casalduc* for appellee-appellant.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The plaintiff claims the amount of $6,000 as compensation for the damages which she alleges were caused to her by the slander committed by the defendants. In her complaint she alleges that she was an employee of the defendants as saleswoman in the commercial firm of Lolita's Dress Shop in Arecibo owned by defendant Félix Kraidman and managed by his wife defendant Raquel de Kraidman; that on July 21, 1942, while the plaintiff was acting as cashier in said shop, at the time that she was making a sales slip for certain articles bought by a customer, the defendant

came up to the plaintiff and asked her to hand over the slip which she was making for the customer; that the defendant then compared the slip with the prices of the articles sold to the customer, and upon realizing that the value of the merchandise amounted to $17.25 and that the slip had been made out for $15.55, notwithstanding the fact that the plaintiff called her attention to the fact that the difference did not appear on the slip which she had prepared for the account of the shop, the defendant Raquel de Kraidman addressed the plaintiff, and in the presence of the customer and of another employee of the shop, uttered the following words: "You are a forger and a thief, get out immediately"; that the plaintiff went to see defendant Félix Kraidman and explained to him what had happened and the latter, after speaking to his wife, told the plaintiff that his wife had acted correctly and discharged her from the employment; that some days later at the office of the Department of Labor the defendant consented to pay to the plaintiff the amount claimed by her but in doing so, in the presence of the employees of the Department and referring to the plaintiff, he said: "This is an office to protect thieves."

The defendants denied in their answer all the essential facts of the complaint and in regard to the alleged incident they briefly set forth the following:

That the employee, Elba González, was the one that had sold certain articles to the customer for the sum of $17.25 and had prepared a slip for that same amount, passing it to the plaintiff for collection; that when the plaintiff was about to collect the same, the client asked her for the slip in order to show it to her husband, and that Elba González wrote it down from memory, inasmuch as the cashier had the original slip; that on account of this the slip thus prepared was less than the original slip and the client complained; that then the defendant scolded Elba because she had prepared the slip from memory and to satisfy the client,

she ordered that the package be opened and another slip made of all the articles bought; that the cashier, plaintiff herein, then intervened and alleged that the legitimate slip was the one she had, to which Mrs. Kraidman replied: "If that is a legitimate ticket, then does a false one exist?"; that the defendant then admonished the plaintiff for her attitude and then the plaintiff said to the defendant: "You are a stupid, when you see money you go crazy."

The District Court of Arecibo rendered judgment for plaintiff in the amount of $400, together with costs and $75 for attorney's fees. Both parties have appealed, and by stipulation, both appeals have been submitted on the same stenographic record and transcription of the evidence filed by the defendants-appellants.

1. In support of their appeal the defendants allege that the trial court erred in the weighing of the evidence; that the plaintiff did not offer any evidence of the damages which she alleges she sustained; and that the judgment appealed from is contrary to law and the evidence.

We have carefully analyzed all the evidence. That adduced by the plaintiff is in our judgment sufficient to support the allegations of the complaint. That offered by the defendants is likewise sufficient to support their defense. The evidence is, therefore, conflicting, and the trial court, who saw and heard the witnesses of both parties is the one charged by law with the delicate mission of settling the conflict arising from the evidence. The lower court decided the conflict against the defendant "because it felt convinced that the slanderous phrases had been said" and that the defendant Mrs. Kraidman had acted injuriously. Under such circumstances, and since the trial judge has not been charged with passion, prejudice or partiality in the weighing of the evidence nor of having committed manifest error in weighing the same, we must not disturb his judgment.

 The phrases spoken by the defendants were slanderous *per se,* because in them the plaintiff was charged with the commission of the offense of forgery and larceny in connection with the sale of merchandise and the preparation of the slip for the merchandise sold. The law presumes that the mere publication of phrases of that character is sufficient to cause damage to the injured party, and the latter is not bound to prove actual damages. *Casanova* v. *González Padín,* 47 P.R.R. 461; 36 C. J. 1204; *Jiménez* v. *Díaz Caneja,* 14 P.R.R. 9; 37 C. J. p. 113, par. 564; Jaggard on Torts, Vol. 1, p. 487; 17 R.C.L. 264; *Rivera* v. *Martínez,* 26 P.R. R. 692.

 2. The appeal taken by the plaintiff is grounded on the theory that in her opinion the amount of $400 allowed by the court is insufficient to compensate the moral sufferings and actual damages which were caused to her by the defendants.

When the lower court fixed the amount of the compensation, it stated that the reasons which it had for not granting a greater sum were, first, that there was not involved a willful slander with intent to defame; second, that the defendants are persons of limited means and that a greater sum would prove onerous; and third, because even though the plaintiff had been humiliated, the act of the defendants had not prevented her from getting another position, since the defendants themselves had asked her to return to the shop. The amount granted is in fact small, but taking into consideration the reasons the court had for not making it greater, we do not think that the trial court exercised its discretion incorrectly.

The judgment appealed from must be affirmed.